# MORRIS

*v.*

# THE WASHINGTON AND GEORGETOWN RAIL-ROAD COMPANY.

APPEALABLE ORDERS ; INJUNCTION.

1. An appeal will not be allowed from an interlocutory order under the act of Congress of February 9, 1893, allowing appeals from interlocutory orders other than those specified, within the discretion of this court, unless a strong case showing the necessity of an immediate appeal is made out.

2. An appeal from an order permitting the partial use of explosives in a suit by a property owner to enjoin the defendant from using explosives in making certain excavations, *denied*.

Submitted ―――――. Decided June 7, 1895.

HEARING of a petition for the allowance of an appeal. *Denied*.

The petitioner, Mary C. Morris, filed her bill in the court below for an injunction to restrain the defendant, the Washington and Georgetown Railroad Company, from using explosives in the work of excavation being carried on upon the site of its proposed union passenger depot in Georgetown adjoining her premises, and which premises, as alleged, were being seriously damaged by the use of such explosives. A temporary restraining order was issued prohibiting the use of explosives, which order was subsequently modified so as to allow of the use of the explosives to such extent and in such manner and with such charges as not to injure complainant's premises. Upon the petition of complainant, representing that the defendant company was continuing the use of explosives in such manner and in such charges as to seriously injure her property, a further order was passed wholly prohibiting the use of

explosives until the further order of the court, and a rule on the defendant to show cause why it should not be punished for contempt was issued. This rule was discharged upon the return thereto, and the order wholly prohibiting the use of explosives was modified so as to permit the use of explosives of such character and in quantities as not to injure complainant's premises, and appointing a commissioner to examine the work being done and determine the kind and quantity of explosives to be used; and providing that before the commencement of any new work, or work other than that authorized to be done, either party might apply to the court for further directions. The order also made provision for preserving the rights of the complainant to recover for injuries to her property. It was from this order that the complainant prayed an appeal to this court.

*Mr. F. P. B. Sands* for the petition.

*Mr. W. D. Davidge* opposed.

Mr. Chief Justice Alvey delivered the opinion of the Court:

This application for the allowance of an appeal must be denied. It is addressed to the discretion of this court, under section 7 of the act of Congress of February 9, 1893, which provides for an appeal from a certain class or description of interlocutory orders, "and also from any other interlocutory order, in the discretion of said Court of Appeals, whenever it is *made to appear to said court* upon petition, that it will be in the interest of justice to allow such appeal." To call into exercise this extraordinary discretionary power, a strong case showing the necessity for an immediate appeal must be presented. And in determining the question whether an appeal should be allowed, we must look to the nature of the case and to the character and effect of the interlocutory order from which the appeal

is desired to be taken.    In this case there is nothing made to appear to satisfy the court that the case should be taken out of the regular and ordinary course of proceeding, or that there is any such emergency as to require an immedate appeal from the interlocutory order of the 18th of May, 1895, in order to protect the petitioner from serious injustice, resulting from the order in question.   The order is a very cautious and carefully guarded one, and if the terms of it have not been faithfully observed on the part of the defendants, application should be made to the court below for its enforcement.    And with respect to the commencement of any new work, or work other than that allowed to be proceeded with under the order, the order expressly provides for liberty to either party to apply for further directions.    The order would seem to be of a character to afford protection to the complainant, if faithfully observed by the defendants, at least until the case can be brought to a more definite determination.

*Application denied and petition dismissed.*